COMMONWEALTH TRIAL COURT

IN THE MATTER OF THE ESTATE OF )    CIVIL ACTION NO. 87-108(P)
FELIPE CAMACHO MENDIOLA,       )
                             )           DECISION
             Deceased.    )
_____ )

The Petition for Letters of Administration came before the court for final hearing on April 28, 1987 in courtroom A at which time the Petitioner appeared with counsel. Also present were two objectors, namely Joaquina M. Mendiola and James M. Mendiola, represented by Timothy H. Bellas. The court had earlier issued a decision declaring that the purported Will of the decedent was null and void and that the decedent died intestate. The purported Will designated the objectors as Executrix and Executor of the estate. Since the Will was declared null and void, the designation was also invalid.

The objectors raised three grounds for their objection to the appointment of the Petitioner as Administratrix, as follows:

1. That it was the intent of the decedent to have the objectors administer the estate as declared in the nullified Will.

1138

2. That the heirs of the decedent desire the objectors to be the administratrix and administrator and are opposed to the Petitioner.

3. That the Petitioner would have a conflict of interest as president of Tinian Taga Corporation in that the estate may have a claim against that company or vice versa.

During the course of the hearing and arguments the objectors, through counsel, also asserted that they were more competent to administer the estate and that the Petitioner was not competent.

Both parties called witnesses and offered other evidence which were admitted. Upon consideration of all the testimony, evidence, and arguments of counsel the court finds that the reason that the heirs wish for their mother and oldest brother to be appointed as Administratrix and Administrator is that such an appointment would be consistent with the expressed desire of their father in the nullified purported Will. Some of the heirs testified that the mother and son, if appointed Administratrix and Administrator should distribute the property equally and some felt that they may distribute the property as they see fit.

The mother, Joaquina Mendiola, does not speak or write English, but with the help of the oldest son, and with the two working together, will be competent to administer the estate.

The Petitioner, Fermina M. Camacho, is very competent to administer the estate.

The Petitioner has been urging the oldest son to file a probate action to settle the estate of the decedent, but without

1139

any positive response. The decedent died in May, 1985 and the objectors knew immediately thereafter that they had been named as trustee in the purported Will but never took any action until the Petitioner filed this action for probate. Petitioner took some action earlier to partition the shares of the decedent's daughters.

The Petitioner decided that she had to act, herself, by filing the Petition for Probate, if the estate is ever to be administered. Therefore, she filed this action. Petitioner is the oldest child of the decedent and is knowledgeable about the estate and prior business affairs of the decedent.

The Petitioner has not purchased any stock from the estate of the decedent and has made a payment to the mother, Joaquina Mendiola, in the sum of $47,500 on behalf of the Tinian Taga Corporation for repurchase of the shares of the decedent by the corporation. Such purchase and payment was approved by the Board of Directors.

Based on the above findings, the court concludes that the Petitioner is competent to administer the estate; that the objectors have shown no urgency or enthusiasm in getting the estate settled and administered; that the desire of the heirs to comply with the decedent's designation is respectable and commendable, but it would not enhance an efficient and speedy administration of the estate; that there is no apparent conflict of interest if the Petitioner is appointed as Administratrix; and that there is no basis for denying the Petition for Letters of Administration.

IT IS HEREBY ORDERED that the Petition for Letters of Administration is granted; that the Petitioner, Fermina M. Camacho, is hereby appointed as Administratrix of the Estate of Felipe C. Mendiola, deceased; that the Letters of Administration will be issued in her favor; she shall execute an oath of administration and may act as the administratrix without the requirement of a bond.

IT IS FURTHER ORDERED that the Administratrix shall file with this court within 30 days an inventory of the assets of the estate of the decedent; that a notice to creditors shall be given and published in the paper if it has not been done; and that the Petition for Final Distribution be filed with this court within 90 days from the date of this Order. Counsel for the Petitioner shall prepare the Letters of Administration and the Oath.

Entered this _30_ day of _April_, 1987.

_____
Ramon G. Villagomez
Associate Judge